UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON JUSTIN FULK,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WASHINGTON DEPARTMENT OF<br>SOCIAL AND HEALTH SERVICES,<br><br>　　　　　Defendant. | CASE NO. C24-06014-KKE-MLP<br><br>ORDER ADOPTING IN PART REPORT<br>AND RECOMMENDATION AND<br>GRANTING IN PART MOTION FOR<br>APPOINTMENT OF COUNSEL |

　　　　Plaintiff Aaron Justin Fulk brings this civil rights complaint alleging the Washington Department of Social and Health Services ("DSHS") violated his constitutional rights as a pretrial detainee by incarcerating him for approximately six months while he awaited a court-ordered competency evaluation. Dkt. No. 6. Magistrate Judge Michelle Peterson ordered Plaintiff to amend his complaint to name a viable defendant and explained DSHS cannot be sued for damages based on the acts alleged. Dkt. No. 7. When Plaintiff did not amend his complaint to name a viable defendant, Magistrate Judge Peterson entered a report and recommendation under Federal Rule of Civil Procedure 72(b)(1) to dismiss the matter without prejudice. Dkt. No. 11. Plaintiff then filed a motion for appointment of counsel explaining he cannot afford an attorney and needed assistance identifying viable defendants. Dkt. No. 12. For the reasons explained below, the Court adopts the report and recommendation in part and grants the motion to appoint counsel in part.

Generally, no constitutional right to appointed counsel exists in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," however, a district court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up). Neither of these considerations is dispositive, and the Court must instead view them together. *Id.*

Plaintiff cites to other cases wherein similarly situated plaintiffs appear to have obtained relief, but explains that due to his mental illness, he is not able to identify appropriate defendants without the assistance of counsel. In light of these facts, the Court finds exceptional circumstances exist that warrant appointing counsel to assist Plaintiff in amending his complaint to identify a viable defendant(s) and appropriate cause(s) of action. Accordingly, the Court orders as follows:

1. The report and recommendation is ADOPTED IN PART. Dkt. No. 11. The complaint is dismissed without prejudice. Dkt. No. 6. The Court declines to dismiss the case.

2. The Court GRANTS IN PART Plaintiff's motion for pro bono counsel. Dkt. No. 12. The Court will endeavor to appoint pro bono counsel for the limited purpose of amending the complaint. Plaintiff is advised that the Court cannot force any attorney to take this case, and if a pro bono attorney is not found, Plaintiff will remain unrepresented.

3. The Court DIRECTS the case to the Western District of Washington's Pro Bono Coordinator to identify an attorney(s) or law firm from the Pro Bono Panel to represent Plaintiff for the limited purpose of amending his complaint. *See* General Order 07-23

(Sept. 8, 2023), available at https://www.wawd.uscourts.gov/sites/wawd/files/General%20Order%2007-23%20-%20Amended%20Pro%20Bono%20Plan.pdf.

4. Once it has been determined whether the Court will be able to appoint an attorney to represent Plaintiff, the Court will issue appropriate deadlines to amend the complaint. If the Court cannot locate an attorney who is willing to provide representation, the Court will notify the parties by a minute entry on the electronic docket, stating that the inquiry did not succeed, and will then set new deadlines for Plaintiff to amend the complaint *pro se*.

The Clerk is directed to send uncertified copies of this Order to Magistrate Judge Peterson and to any party appearing pro se at said party's last known address.

Dated this 13th day of March, 2025.

Kymberly K. Evanson
United States District Judge