UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON JUSTIN FULK, | CASE NO. C24-06014-KKE-MLP |
| Plaintiff, | SECOND ORDER GRANTING MOTIONS TO APPOINT COUNSEL |
| v. | |
| KEVIN BOVENKAMP, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's two motions to appoint counsel. Dkt. Nos. 29, 37. The Court finds appointment of pro bono counsel is appropriate, grants the motions, and refers the matter to the Western District of Washington Pro Bono Panel to identify pro bono counsel.

The Court previously appointed pro bono counsel to represent Plaintiff Aaron Justin Fulk in amending his complaint. *See* Dkt. Nos. 13, 14, 16, 22, 23. The amended complaint was filed (Dkt. No. 21) and served (Dkt. No. 27) and the pro bono appointment ended (Dkt. No. 35). In the amended complaint, Plaintiff sues Kevin Bovenkamp, Assistant Secretary for the Behavioral Health Administration of the Washington Department of Social Services, under 42 U.S.C. § 1983. Dkt. No. 21. Plaintiff alleges Defendant violated his due process rights under the Fourteenth Amendment for the six-month delay to complete the competency evaluation ordered in Plaintiff's

state criminal case. *Id.* The amended complaint was served and Defendant answered. Dkt. No. 36.

Plaintiff has filed two motions for appointment of counsel arguing his mental illness, limited access to the law library, and inability to afford counsel warrant appointment of pro bono counsel. Dkt. Nos. 29, 37. Defendant has responded and opposed both motions based on Plaintiff's failure to demonstrate a likelihood of success and the straightforward nature of the claim. Dkt. Nos. 33, 38.

Generally, no constitutional right to appointed counsel exists in civil actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In "exceptional circumstances," however, a district court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned up). Neither of these considerations is dispositive, and the Court must instead view them together. *Id.*

The Court finds that Plaintiff's severe mental illness, inability to afford counsel, incarceration at Western State Hospital, and the important constitutional issues at stake create exceptional circumstances that warrant appointing counsel to assist Plaintiff for the remainder of the case. Accordingly, the Court GRANTS Plaintiff's motions (Dkt. Nos. 29, 37) and DIRECTS the case to the Western District of Washington's Pro Bono Coordinator to identify an attorney(s) or law firm from the Pro Bono Panel to represent Plaintiff. *See* General Order 07-23 (Sep. 8, 2023), available at https://www.wawd.uscourts.gov/sites/wawd/files/ General%20Order%2007-23%20-%20Amended%20Pro%20Bono%20Plan.pdf.

The Court notes that the appointment of pro bono counsel is not guaranteed and will depend on the availability and willingness of an attorney or law firm to accept the case. *See* 28 U.S.C. § 1915(e) ("The court may request an attorney to represent any person unable to afford counsel."); *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (holding that Section 1915 permits a court to "request" counsel, not to compel representation).

The Court acknowledges the requirements of Federal Rule of Civil Procedure 16(b)(2) but finds this matter shall be stayed while the Pro Bono Coordinator attempts to identify counsel. Once it has been determined whether the Court will be able to appoint an attorney to represent Plaintiff, the Court will issue any additional appropriate orders.

Dated this 22nd day of August, 2025.

*[signature]*

Kymberly K. Evanson
United States District Judge